IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION
10 APR 19 PM 4:50
SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

| | |
|---|---|
| TAMATHA STEVENS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) 1:10-cv-0460 RLY-DML |
| RESORT RECOVERY SOLUTIONS, LLC, | ) ) ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, TAMATHA STEVENS, by and through her attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for her complaint against the Defendant, RESORT RECOVERY SOLUTIONS, LLC, Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq., and the Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. §1681, et. seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., the Fair Credit Reporting Act 15 U.S.C. §1681, et. seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. TAMATHA STEVENS, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Indianapolis, County of Marion, State of Indiana.

5. RESORT RECOVERY SOLUTIONS, LLC, (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Indiana. Defendant is incorporated in the State of California.

6. In its dealings with Plaintiff, Defendant held itself out as being a company collecting a debt allegedly owed by Plaintiff.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. At all relevant times, Defendant was a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

9. At all relevant times Defendant was a "person" as that term is defined by 15 U.S.C. §1681a(b).

### IV. ALLEGATIONS

### COUNT I: TAMATHA STEVENS v. RESORT RECOVERY SOLUTIONS, LLC FOR VIOLATIONS OF THE FDCPA

10. In or around August, 2008, Plaintiff received a correspondence from Defendant, which stated that it attempting to collect a debt allegedly owed by Plaintiff.

11. The alleged debt of Plaintiff was incurred for personal, family, or household services.

12. On or about August 16, 2008, Plaintiff sent Defendant a correspondence in which she disputed the debt on which Defendant was attempting to collect.

13. On or about October 18, 2008, Plaintiff again sent Defendant a correspondence in which she disputed the debt on which Defendant was attempting to collect.

14. In or around October 2009, during a telephone call with Mr. Denell, a duly authorized agent of Defendant, Plaintiff again advised Defendant that she disputed the debt on which Defendant was attempting to collect.

15. In or around January 2010, during a telephone call with Defendant, Plaintiff again advised Defendant that she disputed the debt on which Defendant was attempting to collect.

16. During the course of its telephone calls with Plaintiff, Defendant failed to advise Plaintiff that it was a debt collector, that it was attempting to collect a debt and that any information obtained would be used for that purpose.

17. Despite being notified on multiple occasions that Plaintiff disputed the debt on which Defendant was attempting to collect, in or around January, 2010 Defendant proceeded to report the debt allegedly owed by Plaintiff to the credit reporting agencies.

18. Despite being notified on multiple occasions that Plaintiff disputed the debt on which Defendant was attempting to collect, Defendant failed to report to the credit reporting agencies that the debt on which it was attempting to collect was disputed by Plaintiff.

19. In its attempts to collect the debt allegedly owed by Plaintiff, Defendant violated the FDCPA, 15 U.S.C. §1692 in one or more of the following ways:

   a. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

   b. Communicated or threatened to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed in violation of 15 U.S.C. §1692e(8);

   c. Failed to disclose in communications that said communication was from a debt collector and that any information obtained during the communication will be used for the purpose of collecting a debt in violation of 15 U.S.C. §1692e(11);

    d. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

20. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## COUNT II: TAMATHA STEVENS v. RESORT RECOVERY SOLUTIONS, LLC FOR VIOLATIONS OF THE FCRA

21. Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs in this complaint as though fully set forth herein.

22. Defendant has been providing derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to various credit reporting agencies.

23. Defendant is aware that the credit reporting agencies to which they are providing this information are going to disseminate this information to various other persons or parties who will be reviewing this information for the purpose of extending credit, insurance or employment.

24. The inaccurate information of which Plaintiff complains is an account, or trade-line, that reflects Plaintiff's history of credit with the Defendant. Specifically, the Plaintiff asserts that the account relates to a purchase contract that was rescinded and cancelled.

25. Despite the foregoing, Defendant has disseminated information that the account is an open account that is the subject of collections and has been placed for collections with Defendant.

26. Furthermore, Defendant has failed to report the account as being disputed by Plaintiff.

27. The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

28. The credit reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

29. In January 2010, Plaintiff disputed the inaccurate information with the credit reporting agencies by oral communication to its representatives and by following the the established procedure for disputing consumer credit information.

30. Upon information and belief, within five (5) days of Plaintiff notifying the aforementioned credit reporting agency, said agency notified Defendant of Plaintiff's dispute and the nature of the dispute.

31. Defendant then and there owed to Plaintiff a duty to assist the credit reporting agency in a re-investigation into the disputed facts that are being reported about Plaintiff.

32. Notwithstanding Plaintiff's efforts and Defendant's duties, Defendant continued publishing the inaccurate information and Defendant continued to publish and disseminate such inaccurate information to other credit reporting agencies.

33. Despite Plaintiff's efforts to date, Defendant has nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, has failed to remove the inaccurate information, has failed to note the disputed status of the inaccurate information and has continued to report the derogatory inaccurate information about Plaintiff.

34. Plaintiff has been damaged, and continues to be damaged, in the following ways:

   a. Denial of credit;

   b. Decreased credit lines;

   c. Out of pocket expenses associated with disputing the information only to find the information to remain on the credit report;

    d. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown;

    e. Decreased credit score which may result in inability to obtain credit on future attempts.

35. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant herein.

36. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

37. At all relevant times, the aforementioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

38. Defendant violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. §1681s-2(b):

    a. Willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

    b. Willfully and negligently failing to review all relevant information concerning Plaintiff's account provided to this Defendant;

    c. Willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

    d. Willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiff;

    e. Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate; and,

  f. Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2.

39. Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendant is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

### V. JURY DEMAND

40. Plaintiff hereby demands a trial by jury on all issues so triable.

### VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, TAMATHA STEVENS, by and through her attorneys, respectfully prays for judgment as follows:

  a. All actual compensatory damages suffered;

  b. Statutory damages of $1,000.00 for Defendant's violation of the FDCPA;

  c. Statutory damages of $1,000.00 for Defendant's violation of the FCRA;

  d. Punitive damages permissible under the FCRA;

  e. Plaintiff's attorneys' fees and costs; and,

  f. Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,<br>
TAMATHA STEVENS<br>
By: <i>/s/ David M. Marco</i><br>
David M. Marco<br>
Attorney for Plaintiff

Dated: April 15, 2010

David M. Marco (Atty. No.: 6273315)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, 40th Floor
Chicago, IL 60601
Telephone:  (312) 222-9028 (x812)
Facsimile:  (888) 418-1277
E-Mail:     dmarco@smithlaw.us